353 So.2d 868 (1977)
CENTURY FEDERAL SAVINGS AND LOAN ASSOCIATION (Formerly Ormond Beach Federal Savings and Loan Association), Appellant,
v.
Max MADORSKY, Individually and As Trustee, and Anne Madorsky, His Wife, Nat Korash and Betty Jane Korash, His Wife, Appellees.
No. FF-32.
District Court of Appeal of Florida, First District.
December 15, 1977.
Rehearing Denied February 1, 1978.
Sam Spector of Spector & Tunnicliff, Henry P. Duffett and William Akers, III, of Duffett, Seps & Akers, Ormond Beach, for appellant.
S. LaRue Williams of Kinsey, Vencent, Pyle & Williams, Daytona Beach, for appellees.
RAWLS, Acting Chief Judge.
In constructing an apartment complex, Madorsky, et al., (Madorsky) borrowed $1,140,750.00 from Century at a rate of 8 1/2 percent per annum. In July, 1973, some two years after execution of the note and mortgage, Madorsky decided to sell the apartment complex, which sale would necessitate a prepayment of Century's mortgage. Century refused their request to waive the provisions of the prepayment privilege and penalty.[1] Madorsky paid a prepayment fee of $74,752.30 to Century under protest, and then filed suit in the trial court seeking to recover damages in excess of said sum and alleging in Count III that the loan prepayment would result in a gain rather than a loss to the mortgagee, thereby unjustly enriching the mortgagee. The trial court denied Century's motion to dismiss Count III of the complaint; hence this interlocutory appeal.
The salient allegations that must be considered are that, at the time the mortgage transaction was consummated, "all of the parties to the transaction knew that the *869 purpose of the prepayment clause was to insure Defendant [Century] that its money would receive a return of at lease [sic] 8 1/2%", "that the prepaid penalty would be reduced by the cost to Defendant of reloaning or re-employing the use of said prepaid principal", and that the parties intended the prepayment penalty clause as a liquidated damage provision.
A fundamental principle of contract law is that sui juris parties may establish the terms of an agreement without subsequent alteration by the courts. The prepayment provision in the mortgage contract is not ambiguous. Madorsky's allegations of what the parties intended are clearly founded upon some type of parol agreement that is not admissible to modify the written agreement. Madorsky's allegation of unjust enrichment is bottomed solely upon their thought processes and not upon any matters supported by this record. Absent facts reflecting exorbitant charges that would mandate a judicial inquiry into such contractual provisions, a court of equity will not rewrite a valid contractual document. The Court of Appeal, First District of California, in Lazzareschi Invest. Co. v. San Francisco Fed. S. & L. Ass'n,[2] dealt with a similar prepayment provision and articulated the principles of law applicable to the issue here presented, viz:
"... [A] prepayment case does not fall into a simple calculation at any one point of time of the difference between the interest rate on the repaid loan and that which might be available to the lending institution on a new loan of about the same size made to a new borrower.
.....
"... In the absence of any statute or authorized regulation, and in the absence of any evidence produced by declaration of plaintiff in opposition to the motion for summary judgment or suggested by plaintiff as appellant in its briefs, we know of no means by which a court could come to the conclusion that the charge which appellant agreed to pay was exorbitant or out of line with that customarily provided in loan agreements. Indeed, plaintiff does not, in its complaint or in its declaration in opposition to the motion for summary judgment, make the point that the charge exceeds that which is usual. Plaintiff's theory of excessiveness is that the charge bears no reasonable relationship to any damage sustained by virtue of the prepayment because of respondents' ability to lend the funds anew at a higher rate... ."
The trial court erred in denying Century's motion to dismiss Count III of Madorsky's second amended complaint.
Reversed and remanded.
SMITH, J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
I agree the general principles of Lazzareschi Investment Company v. San Francisco Federal Savings and Loan Association, 22 Cal. App.3d 303, 99 Cal. Rptr. 417 (1971) should be followed but feel it would be premature in this instance to dismiss Madorsky's complaint. Lazzareschi was decided after motion for summary judgment was granted to the lender. The California appellate court stated, and I agree, "For the purpose of this appeal, we shall assume that palpably exorbitant charges would be subject to defeat by judicial decision. We proceed to examine the contract, promissory note, in the present case." The court found no showing the prepayment penalty was exorbitant or out of line in the absence of any statute or authorized regulation, and in the absence of any evidence produced by the borrower as to the excessiveness of the charge. The lender in Lazzareschi was allowed to seek discovery, but here we are dismissing on the bare pleadings.
There is a second material distinction between this case and Lazzareschi. The prepayment *870 charge in that case was for six months interest on the amount in excess of 20% of the outstanding principal prepaid in any year. The prepayment penalty clause here provides a penalty of 12 months interest. This is twice the amount in Lazzareschi and twice the amount recommended by the Federal Home Loan Bank Board, which oversees only loans securing homes.
I would affirm the finding a cause of action has been stated.
NOTES
[1] The Prepayment Privilege and Penalty reads as follows:

"17. PREPAYMENT PRIVILEGE AND PENALTY. Privilege is reserved to make prepayments of principal only as follows: In any calendar year during the first five (5) years subsequent to the date hereof, principal payments not to exceed twenty per cent (20%) of the original principal equal to twelve (12) months interest at the rate specified in this promissory note on the aggregate amount of all such payments in excess of said twenty per cent (20%) in any calendar year; and, at any time subsequent to five (5) years after the date hereof, the entire remaining balance without notice and without penalty."
[2] Lazzareschi Invest. Co. v. San Francisco Fed. S. & L. Ass'n, 22 Cal. App.3d 303, 99 Cal. Rptr. 417 (1971).